IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02023-MJW-PAC

PAUL JANKA,

      Plaintiff,

v.

PAUL BROOKS, in his official and individual capacity, and
KRISTI KARRES PICKETT, in her official and individual capacity,

      Defendants.

---

**ORDER ON
DEFENDANT KRISTI PICKETT'S MOTION TO DISMISS (Docket No. 10)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

      This case is before this Court pursuant to the Order Referring Case Pursuant to

28 U.S.C. § 636(c) filed on February 8, 2006, and the parties' unanimous consent to

disposition of this action by a United States Magistrate Judge.

**I.  PLAINTIFF'S ALLEGATIONS AND CLAIMS**

      Plaintiff claims in his Complaint that Defendants, two Jefferson County deputy

sheriffs, violated his rights under the United States Constitution when he was stopped

for speeding on November 11, 2004.  Plaintiff alleges that Defendants "became irritated

at [Plaintiff's] refusal to discuss his employment with them."  (Compl. ¶ 11.)  Defendants

"went to their police car and sat for approximately twenty to thirty minutes while

[Plaintiff] sat in his vehicle with his three small children."  (Compl. ¶ 12.)  Plaintiff then

"got out of his car and began to approach the police car to inquire as to how much

longer this ticketing process would take as his children were hungry and cranky and wanted to go home." (Compl. ¶ 13.) Defendants, "instead of informing [Plaintiff] about how much longer they would be, began to shout at [Plaintiff] to get back into his car immediately." (Compl. ¶ 14.) Plaintiff then "muttered under his breath, and turned to go back to his vehicle." (Compl. ¶ 15.) In response, Defendant Brooks "jumped out of the police car and charged at [Plaintiff] yelling and cursing at him and saying things like 'I'll teach you to call me an asshole' or words to that effect." (Compl. ¶ 16.) Defendant Brooks "violently grabbed [Plaintiff] and tried to kick [Plaintiff's] legs out from under him, thereby breaking a bone in [Plaintiff's] leg, while twisting his arm and throwing him to the ground." (Compl. ¶ 17.) While Defendant Brooks was on top of Plaintiff, Defendant Pickett "began twisting [Plaintiff's] arm." (Compl. ¶ 18.) Plaintiff "suffered a broken leg as a result of the actions of Defendant [Brooks] and pain as a result of the actions of Defendant [Pickett]." (Compl. ¶ 22.)

Plaintiff asserts three claims for relief pursuant to 42 U.S.C. § 1983 based on these allegations. He first claims that he was subjected to excessive force in violation of the Fourth Amendment. His second claim is that he was subjected to an unreasonable seizure in violation of the Fourth Amendment. Plaintiff's third claim is that Defendants retaliated against him for exercising his First Amendment rights.

## II.  PENDING MOTION

On December 23, 2005, Defendant Kristi Pickett's Motion to Dismiss (docket no. 10) was filed. On January 24, 2006, Plaintiff filed his response to the motion to dismiss. On February 8, 2006, Defendant Pickett filed her reply. The Court has

carefully considered the motion to dismiss, the response, the reply thereto, and the

applicable case law and Federal Rules of Civil Procedure.  The Court now being fully

informed enters the following order.

## III.  STANDARD OF REVIEW

For purposes of a motion to dismiss, the Court must accept all factual allegations

in the complaint as true and resolve all reasonable inferences in Plaintiff's favor.

Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons

v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  A case should not be dismissed for

failure to state a claim unless the Court determines beyond doubt that Plaintiff can

prove no set of facts which entitles him to relief.  Hishon v. King & Spalding, 467 U.S.

69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## IV.  DISCUSSION

Defendant Pickett moves to dismiss Plaintiff's claims against her based on

qualified immunity.  Qualified immunity shields public officials from civil damages

liability if their actions did not "'violate clearly established statutory or constitutional

rights of which a reasonable person would have known.'"  Pino v. Higgs, 75 F.3d 1461,

1467 (10th Cir. 1996)(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  When a

public official raises the defense of qualified immunity, the Court first determines

whether the complained of conduct constitutes a violation of a constitutional or

statutory right; if so, the Court then addresses whether that right was clearly

established at the relevant time.  See Gehl Group v. Koby, 63 F.3d 1528, 1533 (10th

Cir. 1995).

3

**A.  Fourth Amendment Excessive Force Claim**.  Plaintiff first claims that he was subjected to excessive force in violation of his Fourth Amendment rights.  Claims of excessive force in the context of an arrest, investigatory stop, or other seizure must be analyzed under the Fourth Amendment's objective reasonableness standard.  See Graham v. Connor, 490 U.S. 386, 395 (1989).  Proper application of this standard "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  Id. at 396.  In addition, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."  Id.  Finally, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation."  Id. at 396-97.

Defendant Pickett asserts that she is entitled to qualified immunity with respect to Plaintiff's Fourth Amendment excessive force claim because her act of twisting Plaintiff's arm while Defendant Brooks was restraining Plaintiff was objectively reasonable.  Defendant Pickett specifically argues that, after Defendant Brooks made the decision to take Plaintiff to the ground, she was faced with a split second decision to either assist her fellow officer or do nothing.  Defendant Pickett further argues that she applied minimal force that caused only an unspecified amount of pain and no

4

injury.

Plaintiff argues in his response that, because he was stopped for a minor traffic offense, posed no threat to either Defendant or anyone else, and was not resisting or evading arrest, neither Defendant had legal justification to use any amount of force against him.  Plaintiff also argues that his excessive force claim against Defendant Pickett should not be dismissed because a law enforcement officer who fails to prevent excessive force by another law enforcement officer can be held liable for failing to act to prevent the use of excessive force under a complicity theory.

The Court finds that Defendant Pickett's act of twisting Plaintiff's arm while he was being restrained by Defendant Brooks was objectively reasonable.  Plaintiff correctly notes that he was stopped only for a minor traffic offense.  However, the circumstances facing Defendant Pickett changed once Defendant Brooks made the decision to take Plaintiff to the ground.  At that time, while Defendant Brooks was attempting to restrain Plaintiff, it was reasonable for Defendant Pickett to use some force to ensure that Plaintiff was restrained.

The Court also rejects Plaintiff's argument that Defendant Pickett should be liable for failing to prevent Defendant Brooks' alleged use of excessive force.  In order to state a claim under a complicity theory, Plaintiff must allege that Defendant Pickett had an opportunity to intervene and prevent the harm.  See Lusby v. T.G. & Y. Stores, Inc., 749 F.2d 1423, 1433 (10th Cir. 1984), vacated on other grounds, 474 U.S. 805 (1985).  Plaintiff does not allege that Defendant Pickett had the time or opportunity to prevent Defendant Brooks' alleged use of excessive force when Defendant Brooks

jumped out of the police car, charged at Plaintiff, and violently grabbed him and threw him to the ground.  Therefore, the Court finds that Defendant Pickett is entitled to qualified immunity on Plaintiff's Fourth Amendment excessive force claim.

**B.  Fourth Amendment Unreasonable Seizure Claim**.  Plaintiff's second claim is that he was subjected to an unreasonable seizure in violation of his Fourth Amendment rights.  To determine whether a Fourth Amendment violation has occurred, "courts must ascertain whether an alleged incident constitutes a seizure and, if so, whether such seizure was unreasonable." Fuerschbach v. Southwest Airlines Co., 439 F.3d 1197, 1202 (10th Cir. 2006).  The Court notes initially that Plaintiff does not challenge the original traffic stop for speeding.

Under the Fourth Amendment, a seizure occurs when "a reasonable person would have believed that he was not free to leave." Michigan v. Chesternut, 486 U.S. 567, 573 (1988).  The factors relevant to determining if a seizure has occurred include: the threatening presence of several officers; whether an officer brandishes a weapon; physical touching by an officer; use of aggressive language or tone of voice indicating that compliance with an officer's request is compulsory; prolonged retention of a person's personal effects; a request to accompany the officer to the station; interaction in a nonpublic place or a small, enclosed place; and absence of other members of the public. See United States v. Hill, 199 F.3d 1143, 1147-48 (10th Cir. 1999).

Defendant Pickett contends that she is entitled to qualified immunity with respect to Plaintiff's Fourth Amendment unreasonable seizure claim because Plaintiff alleges only that he was seized by Defendant Brooks and Defendant Pickett's act of twisting

Plaintiff's arm does not constitute a second, separate seizure.  Defendant Pickett

specifically argues that, if any unlawful seizure did occur, it was fully accomplished by

Defendant Brooks before Defendant Pickett became involved.  Plaintiff argues in his

response that Defendant Pickett's act of joining Defendant Brooks and twisting

Plaintiff's arm constitutes an unreasonable seizure.

Defendant Pickett cites United States v. Calandra, 414 U.S. 338 (1974), in

support of her argument that twisting Plaintiff's arm while he was being restrained by

Defendant Brooks does not constitute a second, separate seizure.  In Calandra, the

Supreme Court found that grand jury questions based on evidence obtained in an

illegal search "are only a derivative use of the product of a past unlawful search and

seizure" and "work no new Fourth Amendment wrong."  Id. at 354.  The Court reasoned

that "[w]hether such derivative use of illegally obtained evidence by a grand jury should

be proscribed presents a question, not of rights, but of remedies."  Id.

The Court does not agree that Defendant Pickett's act of twisting Plaintiff's arm

while he was being restrained by Defendant Brooks is analogous to grand jury

questions based on evidence obtained in a prior unlawful search and seizure.

Although the alleged unreasonable seizure in this case may have been commenced

solely by Defendant Brooks, it is clear that Defendant Pickett's act of twisting Plaintiff's

arm was part of that alleged unreasonable seizure.

Because the Court has determined that Defendant Pickett did participate in the

seizure of Plaintiff, the next question is whether the seizure was reasonable.  Plaintiff

argues that the seizure was unreasonable for the same reasons discussed above in the

context of his excessive force claim.  The Court disagrees.  Once again, Defendant

Pickett's act of twisting Plaintiff's arm must be viewed in the context of the particular

circumstances she faced when she participated in the seizure of Plaintiff.  Defendant

Brooks had decided to take Plaintiff to the ground and he proceeded to do so.  Under

those circumstances, it was not unreasonable for Defendant Pickett to assist her fellow

officer in that seizure by twisting Plaintiff's arm.  As a result, Defendant Pickett is

entitled to qualified immunity regarding Plaintiff's Fourth Amendment unreasonable

seizure claim.

　　　　**C.  First Amendment Retaliation Claim**.  Plaintiff's third claim is that

Defendants retaliated against him in violation of his First Amendment rights.  In order to

state a First Amendment claim against Defendant Pickett, Plaintiff must demonstrate

that:  (1) he engaged in protected speech; (2) Defendant Pickett caused him to suffer

an injury that would chill a person of ordinary firmness from continuing to engage in the

protected speech; and (3) Defendant Pickett's adverse action was substantially

motivated as a response to Plaintiff's protected speech.  Worrell v. Henry, 219 F.3d

1197, 1212 (10th Cir. 2000).

　　　　Defendant Pickett argues that she is entitled to qualified immunity with respect to

Plaintiff's First Amendment retaliation claim because Plaintiff fails to allege either that

he was engaged in protected speech or that Defendant Pickett's act of twisting his arm

was motivated by any protected speech.  Plaintiff contends that he has alleged

sufficient facts to establish the existence of all three elements of his First Amendment

claim.

Although it is not clear exactly what Plaintiff muttered under his breath after he was told to get back into his car, Plaintiff alleges that he said something that caused Defendant Brooks to jump out of the police car, charge him, grab him, kick his leg, and throw him to the ground.  Accepting these allegations as true and construing them in a light most favorable to Plaintiff, the Court finds that Plaintiff adequately has established the first element that he was engaged in protected speech.  The allegations in the complaint also are adequate to establish the second element that Plaintiff suffered an injury that would chill a person of ordinary firmness from continuing to engage in the protected speech.

Regarding the third element, the Court finds that Plaintiff fails to allege that Defendant Pickett's action of twisting Plaintiff's arm was motivated by Plaintiff's protected speech.  Plaintiff clearly alleges that the actions of Defendant Brooks were motivated by Plaintiff's speech and were taken in response to that speech.  However, Plaintiff fails to allege that Defendant Pickett twisted his arm because of his protected speech or even that Defendant Pickett heard what he muttered under his breath.  The mere temporal proximity of Plaintiff's speech to Defendant Pickett's act of twisting his arm is not sufficient to prove retaliatory motive.  See Butler v. City Of Prairie Village, Kan., 172 F.3d 736, 746 (10th Cir. 1999).  Therefore, Defendant Pickett also is entitled to qualified immunity on Plaintiff's First Amendment retaliation claim.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Defendant Kristi Pickett's Motion to Dismiss (docket no. 10) is granted.

S/   Michael J. Watanabe

Dated: April 24,  2006
       Denver, Colorado

_____
Michael J. Watanabe
United States Magistrate Judge