# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-02023-MJW-PAC

PAUL JANKA,

    Plaintiff,

v.

PAUL BROOKS, in his official and individual capacity,

    Defendant.

## ORDER GRANTING STIPULATED MOTION FOR ISSUANCE OF PROTECTIVE ORDER
## DOCKET NUMBER 34

THE COURT, having reviewed the Stipulated Motion for Protective Order, and being fully advised of the premises therein;

HEREBY ORDERS AS FOLLOWS:

1.    The Confidential Materials disclosed by the Parties or obtained through discovery by the Parties in the course of this litigation shall be used by the Parties or any other person solely for the purposes of the prosecution or defense of this litigation and for no other purpose or publication whatsoever, whether directly or indirectly.

2.    The Confidential Materials produced by the Parties shall be stamped Confidential. Prior to filing any and all documents stamped Confidential with the Court, the Party seeking to file that Confidential document shall seek leave of the Court to file it under seal with the Clerk of the Court.

3.    The Confidential Materials produced to either the Plaintiff or the Defendant shall be kept in the custody of the Plaintiff s or Defendant s counsel. Although copies thereof may be made by

counsel for the Parties in connection with this litigation, all such copies shall also be kept in their custody and disclosure of such copies and their contents shall be subject to the limitations described in paragraph 4.

The Confidential Materials shall be disclosed only to the following:

> individual attorneys of record in this action and paralegals and office support staff assigned to this case by such attorneys;
>
> independent consultants retained by a party or its counsel for the purpose of and in connection with this litigation, provided that prior to any such disclosure the consultants agree in writing to abide by the terms of this Protective Order;
>
> individual persons who are questioned as witnesses in this litigation at a deposition, hearing or at trial; and
>
> the Court and court personnel, in camera or under seal, as necessary in support of motions, pleadings and other court papers and proceedings.

5. Subject to all proper evidentiary objections, the Confidential Materials may be presented as exhibits at any deposition taken herein or at any hearing or trial regarding this action. However, at the request of either the Plaintiff or the Defendant at any deposition, the copies of the Confidential Materials presented to the reporter shall be sealed and marked as confidential. Further, the Parties shall have the opportunity to request at any hearing or trial herein that any Confidential Materials presented at the hearing or trial, shall be sealed and maintained by the Court as confidential.

6. Notwithstanding the foregoing provisions, the Sheriff's Office shall have the right to redact from all Confidential Materials and those documents which are not designated as confidential any and all references to any individual police officer's personal and confidential information about himself or herself and his or her family, including but not limited to, social security numbers, home address and telephone numbers, the names of family members, names of insurance beneficiaries, date of

birth, driver s license numbers, names and address of non-County employment references and salary.

7. Nothing herein shall constitute a waiver by any party to object to the purported discovery on the basis of relevance, materiality, privilege, overbreadth, or any other any other grounds with respect to any of the Confidential Materials.

8. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Materials pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

DONE IN COURT this 5th Day of May, 2006.

BY THE COURT:

S/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. Magistrate Judge

3