IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-02023-MJW-PAC

PAUL JANKA,

    Plaintiff,

v.

PAUL BROOKS, in his individual capacity,

Defendant.

---

### DEFENDANT'S SECOND MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR UNRELATED INTERNAL AFFAIRS INVESTIGATIONS

---

Defendant Paul Brooks, pursuant to F.R.E. 103(c), 402, 403, 404(b), and 608(b), hereby moves to exclude evidence of any prior internal affairs investigations involving Deputy Brooks unrelated to the traffic stop involving Plaintiff on November 19, 2004.

## I. OVERVIEW

Defendant anticipates that Plaintiff will attempt to introduce evidence of prior internal affairs investigations of Deputy Brooks' conduct – none of which are related to the November 19, 2004 traffic stop. Specifically, Defendant anticipates that Plaintiff will attempt to introduce evidence related to an investigation of Deputy Brooks' conduct on October 8, 2001 (the "October 2001 Incident"). None of the prior internal affairs investigations of Deputy Brooks' conduct, including the October 2001 Incident, are related to any fact of consequence in this case, and therefore all such evidence should be excluded pursuant to F.R.E. 402.

This Court should reject Plaintiff's gross mischaracterization of the October 2001 Incident as one where Deputy Brooks put "false" information on an official report. As set forth in the Investigation Summary of the October 2001 Incident, Deputy Brooks placed an inappropriate comment on his co-worker's incomplete report as a joke, never intending that his comment would appear on any official report. The Sheriff's Office never found that Deputy Brooks falsified a report or was untruthful. F.R.E. 404(b) prohibits Plaintiff from introducing evidence of the October 2001 Incident to establish the Deputy Brooks has the propensity to put "false" statements on reports, and therefore, must have falsified his own report of the November 19, 2004 traffic stop involving Plaintiff. Likewise, evidence of the October 2001 Incident is not admissible under F.R.E. 608(b) because the October 2001 Incident is not probative of Deputy Brooks' truthfulness or untruthfulness. Deputy Brooks never lied about or denied what he did in October 2001. More importantly, evidence of the October 2001 Incident would likely confuse the jury, waste valuable trial time, and unfairly prejudice Deputy Brooks. Therefore, all evidence of the October 2001 Incident and any prior internal affairs investigations involving Deputy Brooks' conduct should be excluded pursuant to F.R.E. 403.

## II.   FACTUAL BACKGROUND

Under the Jefferson County Sheriff's Office Policy, the Internal Affairs Unit investigates allegations of misconduct to determine whether a deputy has violated Sheriff's policies or procedures. As part of discovery, Plaintiff obtained copies of all internal affairs investigations into Deputy Brooks' conduct prior to the November 19, 2004 traffic stop that is the subject of Plaintiff's Complaint. None of the prior internal affairs investigations involved allegations that Deputy Brooks used excessive force or retaliated against anyone based on protected speech.

Except for the investigation of the October 2001 Incident, the other investigations into Deputy Brooks' conduct were determined to be unfounded or Deputy Brooks was exonerated.

In October 2001, the Sheriff's Office Internal Affairs Unit began an investigation into Deputy Brooks' conduct on October 8, 2001. The summary of the investigation and the outcome of the investigation are set forth in Exhibits H and I, filed under seal. On October 8, 2001, Deputy Brooks was working with a co-worker in the jail. Deputy Brooks' co-worker was completing a report form. When his co-worker left the workstation, Deputy Brooks wrote a comment on his co-worker's incomplete report form. The comment was written on another piece of paper placed on top of his co-worker's incomplete report form, so that the comment would not be seen on the first page of the report form, but would appear only on the carbonless copies. Deputy Brooks intended that his co-worker would see the comment, re-write and complete his report, and destroy the copies with the comment. Deputy Brooks never intended for the comment to be turned in as part of an official report. During lunch break, Deputy Brooks called his co-worker and told him to look at the carbonless copies of the report. Both Deputy Brooks and his co-worker understood that the comment was intended as a joke and his co-worker intended to destroy the copies with the comment. <u>See</u> Ex. H, filed under seal. Deputy Brooks later asked his co-worker whether he had re-written his report, and was told that it had been re-written. Apparently, the re-written report form was destroyed and the first report form was turned in.

Defendant anticipates that Plaintiff will improperly mischaracterize this October 2001 Incident as one where Deputy Brooks "falsified" an official report. The facts do not support this conclusion. Deputy Brooks intended that the comment would appear only on the carbonless

copies, would be seen by his co-worker, and then destroyed.  Deputy Brooks never intended for the comment to appear on the final official report.  The Sheriff's Office did not conclude that Deputy Brooks falsified a report or was untruthful.  In fact, the Sheriff's Office never classified the investigation as one involving dishonesty.  See Ex. H.  Deputy Brooks was never found to have violated policies concerning truthfulness and honesty.  See Ex. I, filed under seal.

### III.    ARGUMENT

None of the prior internal affairs investigations of Brooks' conduct are related to Plaintiff's claims in this action that Deputy Brooks violated his Fourth or First Amendments on November 19, 2004.  None of these prior internal affairs investigations involve allegations that Deputy Brooks violated any individual's First or Fourth Amendment rights.  Deputy Brooks' prior conduct of placing an inappropriate comment on a co-worker's incomplete report in October 2001 does not make it more or less likely that Deputy Brooks violated Plaintiff's First and Fourth Amendment rights during a traffic stop three years later.  Evidence of Defendant's alleged prior misconduct is not relevant to Plaintiff's claims, and therefore is inadmissible under F.R.E. 402.  See Chavez v. City of Albuquerque, 402 F.3d 1039, 1046 (10th Cir. 2005); Tanberg v. Sholtis, 401 F.3d 1151, 1163-64 (10th Cir. 2005).

F.R.E. 404(b) specifically prohibits Plaintiff from introducing evidence of the October 2001 Incident to establish that Deputy Brooks falsified his report on November 19, 2004.  The Tenth Circuit has adopted a four-part test for determining the admissibility of evidence under F.R.E. 404(b).  "In order to be admissible, 1 & 2) the evidence must be offered for, and relevant to, a proper purpose; 3) the trial court must make a Rule 403 determination as to whether the probative value of the evidence is substantially outweighed by its potential for unfair prejudice;

4

and 4) the trial court must instruct the jury that the evidence of similar acts is to be considered only for the limited purpose for which it was admitted." U.S. v. Serrata, 425 F.3d 886, 903 (10th Cir. 2005) (citations omitted).  Here, the only purpose of the evidence is an improper one:  to establish that Deputy Brooks has a propensity for putting "false" information on reports.  The evidence is also irrelevant because:  (1) the October 2001 Incident occurred over three years before the traffic stop in this case and (2) did not involve any allegation that Deputy Brooks falsified his own final report.  Therefore, the evidence fails the first two parts of the admissibility test.

The evidence cannot meet the third part of the test because its probative value is substantially outweighed by its potential for unfair prejudice and confusion.  Forcing Deputy Brooks to repeat the comment he wrote on his co-worker's incomplete report three years before the events in this case and explain and discuss the investigation would unduly prejudice Deputy Brooks.  Because Plaintiff appears to want to mischaracterize the October 2001 incident as one involving "falsification of an official report," the evidence is likely to confuse the jury and would waste valuable trial time.  To rebut Plaintiff's mischaracterization of the October 2001 Incident, Deputy Brooks would need introduce substantial evidence about the incident, the investigation, and the outcome.  Because the minimal probative value of this evidence is far outweighed by the danger of unfair prejudice, jury confusion and undue delay, evidence of these prior internal affairs investigations, including the October 2001 Incident, should be excluded.

Defendant anticipates that Plaintiff may argue that the October 2001 Incident is admissible under F.R.E. 608(b).  However, that rule is not applicable.  Evidence of the October 2001 incident is not admissible under 608(b) because it has no bearing on Deputy Brooks'

5

credibility.  "It is a requirement of Fed.R.Evid. 608(b)(1) that the prior act have some bearing on the witness' credibility."  Palmer v. City of Monticello, 31 F.3d 1499, 1507 (10th Cir. 1994).  Moreover, F.R.E. 608(b) allows only cross-examination and prohibits any extrinsic evidence.  It is within the trial court's sound discretion to determine whether Plaintiff is allowed to cross-examine Deputy Brooks about the October 2001 Incident.  F.R.E. 609(b).  See United States v. Olivo, 80 F.3d 1466, 1471 (10th Cir. 1996).  Here, Deputy Brooks fully admitted to writing the comment.  The Jefferson County Sheriff's Office never determined that Deputy Brooks' credibility was at issue or that Deputy Brooks was being untruthful.  The fact that Deputy Brooks placed a comment on a co-worker's incomplete report in October 2001 is simply not probative of his truthfulness or untruthfulness, and therefore, the evidence is not admissible under F.R.E. 608(b).

WHEREFORE, Defendant respectfully requests an order excluding all evidence of any prior internal affairs investigation or disciplinary action involving Deputy Brooks' conduct prior to November 19, 2004, and any reference to or comment that Deputy Brooks falsified an official report in October 2001.

Respectfully submitted this 8th day of September, 2006.

FRANK J. HUTFLESS
JEFFERSON COUNTY ATTORNEY

By: s/ Patricia W. Gilbert
_____
Patricia W. Gilbert
Assistant County Attorney
100 Jefferson County Parkway, #5500
Golden, Colorado 80419
Phone:  303- 271-8932
Fax:  303-271-8901
Email:  pgilbert@jeffco.us

# EXHIBIT H
## (Filed Under Seal)

# EXHIBIT I
# (Filed Under Seal)

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2006, I caused the following documents:

1. **DEFENDANT'S SECOND MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR UNRELATED INTERNAL AFFAIRS INVESTIGATIONS**

to be filed electronically with the Clerk of the Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

    David A. Lane, Esq.
    Marcel Krzystek, Esq.
    KILMER LANE & NWMAN, LLP
    The Odd Fellows Hall
    1543 Champa St., Ste. 400
    Denver, Colorado 80202
    via Email at:  dlane@killmerlane.com
    via Email at:  mkrzystek@killmerlane.com

                                          s/ Patricia W. Gilbert
By: _____
                                          Patricia W. Gilbert
                                          Assistant County Attorney
                                          100 Jefferson County Parkway, #5500
                                          Golden, Colorado 80419
                                          Phone:  303- 271-8932
                                          Fax:  303-271-8901
                                          Email:  pgilbert@jeffco.us